## R. E. STAFFORD & CO. V. LEON & H. BLUM ET AL.

### No. 533.

1. **Assignments of Error Disregarded.**—In a suit against several defendants plaintiffs prevailed, and one of the defendants alone gave notice of appeal, and filed an appeal bond, made payable to the plaintiffs and all of his codefendants. The assignments of error of a defendant who gave no notice of appeal, and filed no bond for appeal, are disregarded.

2. **Proper Parties to Appeal Bond.**—There was a judgment in favor of plaintiffs against S. & Co. and T. Prior to the final judgment, by order of the court, E., one of the defendants, had been dismissed from the suit. It was proper for S. & Co., who appealed, to make their appeal bond payable to the plaintiffs and their codefendants, T. and E.

3. **Change of Venue—Jurisdiction.**—Suit was originally instituted in Colorado County. Upon motion of E., one of the defendants, who set up the existence of a prejudice against him in Colorado County, the venue of the suit was changed to Fayette County. In Fayette County, by the judgment of the court, the suit was dismissed as against E., and he was adjudged not to be a proper party. This judgment of dismissal did not oust the jurisdiction of Fayette County District Court. That court, having obtained jurisdiction by proper proceedings, retained it.

4. **Proper Party.**—Plaintiffs sued defendants S. & Co. to recover of them part of the proceeds of a sale of certain goods which had been mortgaged to secure plaintiffs' debt against E. Plaintiffs acquired their claim against E. after its maturity. S. & Co. also had a debt against E. secured by the same mortgage, and the proceeds of the sale had been deposited with them, as provided by the trust deed. They claimed the right to retain it, and set up large offsets against E.—more than sufficient to cover the total proceeds of sale. Plaintiffs' claim having been assigned to them after its ma-

turity, they took it subject to all defenses good against E., and he was a proper party to the suit.

5. **Fraud and Misrepresentation as a Defense.**—When false and fraudulent representations are made by the debtor to a creditor as to the value of goods which are about to be sold to satisfy the creditor's debt, and further promise made by the debtor that he would pay a part of the debt in cash, and put a man in charge of the stock to sell the same, and keep it replenished until therefrom the whole debt is paid, and these promises and agreements are made to induce the creditor to buy the stock and pay more for it than he otherwise would have done, and, relying upon them, the creditor does purchase at a price greater than the goods were worth, and after the sale the debtor repudiates the whole agreement—these facts may be averred and proved in answer to a suit for a part of the proceeds of such sale, by another creditor of E., who acquired his claim after its maturity.

6. **Necessary Party When a Receiver Has Been Appointed.**—While this suit was pending in Colorado County, and before the change of venue, a receiver was appointed by the court to sell the goods purchased by S. & Co. and in their hands, and he did sell them and deposited the proceeds with the registry of the court. After the change of venue, and after E. had been dismissed from the suit, the Fayette County District Court adjudged that there had never been any legal cause for the appointment of a receiver, and ordered that his acts and doings should be no further considered. If the allegations of the pleadings showed a proper case for the appointment of a receiver, which is not decided, because E. was not a party when the case was tried, E. would have been a necessary party to the suit.

7. **Offset.**—One who is sued as above for a part of the proceeds of a sale of goods mortgaged to secure a debt due him, may plead in set-off against an assignee of the debtor, that the debtor had sold other property upon which defendant had a lien, with the consent of defendant, but with the understanding and agreement that the proceeds of such sale should be paid over to the defendant, and that after such sale in violation of the agreement, the debtor had converted such proceeds to his own use.

8. **Allegation and Proof.**—Matters of fact which amount to a confession and avoidance of the opponent's cause of action or defense can not be proved when there is no pleading to support such proof.

9. **Set-off—Notes Secured by Mortgage.**—It is no valid objection to the notes of E., pleaded by the defendant in set-off, that they were secured by trust deed, and there was no equitable reason why the property described in the trust deed should be first sold and the proceeds applied to the payment of the notes before they could be pleaded in set-off. This contention being made after E. had been dismissed from the suit, and plaintiffs having no pleadings asking such relief, it will not be granted. Plaintiffs would have been amply protected by subrogation to the security held by the defendants.

10. **Set-off of Attorney's Fees.**—See facts upon which it was held that certain attorney's fees claimed to have been paid by S. & Co. for the collection of notes against E., which provided for a 10 per cent attorney's fee, and for writing trust deed, were disallowed, and it was held that E. would only be liable for a proportionate part of a reasonable fee.

11. **Liability of Trustee.**—T. was trustee in a deed of trust given to secure a debt due S. & Co. He executed the trust in strict accordance with its terms, and deposited the proceeds with S. & Co. as directed by the trust deed. In a suit by one claiming a part of such proceeds, it was error to render any judgment against the trustee in favor of plaintiffs. Although the proceeds of the sales stood credited to his name in the bank of S. & Co., a judgment in favor of or against plaintiffs would dispose of the fund, and be binding on him.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER. The reports of the briefs of counsel will assist the reader in understanding the facts of the case.

*Phelps & Wilrich* and *Foard, Thompson & Townsend,* for appellants.

1. The court below erred in sustaining plaintiff's exceptions 1, 3, and 4, as contained in the first supplemental petition, said exceptions objecting to the making of H. M. Ehrenwerth a party to this suit, and moving to strike out all the allegations of defendants in their second amended original answer, setting up an agreement between them and the said Ehrenwerth as to the purchase of the Levy stock of goods sold by Wells Thompson, the trustee, on the 13th of February, 1891, and their allegations as to the acts of the receiver, J. J. Mansfield, in selling said Levy stock of goods under orders of the District Court of Colorado County. The court erred in sustaining said exceptions, dismissed H. M. Ehrenwerth from the suit, and struck out defendants' said allegations.

2. The defendant in a suit upon a liquidated demand against him may plead in offset any counter-claim founded on a cause of action arising out of, or incidental to, or connected with, the plaintiff's cause of action, even if the offset so pleaded is unliquidated. Rev. Stats., art. 650; Walcott v. Hendrick, 6 Texas, 415; Duncan v. Magette, 25 Texas, 256; Brady v. Price, 19 Texas, 289; Egery v. Power, 5 Texas, 506; Graham v. Gautier, 21 Texas, 101.

3. The court below erred in holding jurisdiction of this cause and trying the same after Ehrenwerth had been dismissed as a party therefrom, instead of sending it back to Colorado County for trial, because the venue thereof was changed from said county upon the motion of Ehrenwerth alone, and upon the sole ground of prejudice against him in Colorado County.

4. The court below erred in admitting in evidence in this cause, over the objections of defendants, the testimony of the witnesses Welther, Brinkley, Brunson, and Dick; the order of the board of directors of the Columbus, Texas, Meat and Ice Company giving Ehrenwerth a salary; the letters of Sandmeyer to Ehrenwerth et al.; the slaughter and ice accounts and general accounts of Ehrenwerth with said meat and ice company, and that portion of the testimony of Ehrenwerth and Krause which related to the services and salary of said Ehrenwerth as secretary and general manager of said company, for the reasons as fully set forth in defendants' bill of exceptions number 5, viz: 1. That all testimony going to show any indebtedness of the said meat and ice company to said Ehrenwerth for salary is wholly irrelevant to any issues before the court under the pleadings in the cause. 2. Because there are no pleadings in the cause which would or could permit the introduction of evidence tending to show indebtedness of said

meat company to said Ehrenwerth, neither he nor the meat company being parties to this suit, and the plaintiffs nowhere alleging in their pleadings that their assignor, Ehrenwerth, was entitled to hold the moneys received and arising from the sale of the twenty cars to satisfy the indebtedness of said meat and ice company to said assignor. Sayles' Pl. and Prac., sec. 573; Timmins & Bonner v. Long, 58 Texas, 562; Railway v. Ryan, 44 Texas, 426; Taylor v. Williams, 26 Texas, 587; Horan v. Wahrenberger, 9 Texas, 313.

5. The court below erred in his findings of fact, in finding that the proceeds of the sale of the twenty cars belonged to the meat and ice company, and not to Stafford & Co., because the testimony shows that said proceeds came into the hands of said company, if at all, by means of the fraudulent acts of their secretary and general manager, Ehrenwerth, and by his deceitful promises and agreements, and the said company could only have held said moneys in trust for Stafford & Co.

6. The court below erred in his findings of fact, in finding that the proceeds of the sale of the twenty cars belonged to the meat and ice company, and that Ehrenwerth, a director and stockholder in said company, and its secretary and general manager, held debts against said company which justified him in appropriating said moneys to his own use, because the testimony shows that Ehrenwerth, by fraud and deceit, was enabled to receive said proceeds, which belonged to Stafford & Co.

7. The court below erred in finding and holding that the two notes held by the defendant against Ehrenwerth, one for $1272.91 and the other for $786, could not be offset against the claim sued on by the plaintiffs, for it was admitted that any legal debt due by Ehrenwerth to Stafford & Co. could be offset before he (Ehrenwerth) had made the assignment to plaintiffs; and it was an admitted and undisputed fact that Ehrenwerth owed said notes to defendants long before he assigned his claim to plaintiffs. The fact that Stafford & Co. held mortgages on other property to secure the payment of said notes could not alter their rights. These notes were still debts which could be pleaded as offsets to plaintiffs' claim by defendants.

The plaintiffs, in order to compel the defendants to exhaust their mortgage securities before claiming these notes as offsets to their claim, should have made Ehrenwerth a party to the suit, or called upon the court to force the defendants to make Ehrenwerth a party to the suit, and foreclose their mortgage.

8. The court below erred in dismissing H. M. Ehrenwerth from the suit. He was at least a proper party, if not a necessary one. Sayles' Civ. Stats., art. 1209; Scarff & O'Connor v. Johnson, 3 Ct. App. C. C., par. 399; Sayles' Prac. and Pl., sec. 280.

9. The court below erred in sustaining plaintiffs' exceptions numbers 1, 3, and 4, as they appear in their first supplemental petition,

because the very same exceptions had been made, filed, argued, and acted upon by the judge of the District Court of Colorado County in this cause, and had been overruled by him, and judgments thereon had been rendered and entered in said District Court, and a term and more of said court had passed, and a change of venue had been granted therein; therefore this court had no legal right or authority to review, change, annul, or set aside said orders or decrees. Cannon v. Hemphill, 7 Texas, 184; Rogers v. Watrous, 16 Texas, 410.

10. The court below erred in finding and holding that the defendants could not recover the $500 paid by them to Foard, Thompson & Townsend, at the request of Ehrenwerth, said amount being for fees charged by Foard, Thompson & Townsend for collecting notes executed by Ehrenwerth to Stafford & Co., said notes providing for 10 per cent attorney's fees.

11. The court below erred in rendering judgment against Wells Thompson as trustee for $5903.45 and costs of suit, because by the express terms of said deed he was required to deposit with Stafford & Co. the proceeds of the sale of all of said goods, and the testimony shows that he did deposit said proceeds as required, and having so deposited them he complied fully with the terms of the trust deed; and after so depositing said proceeds he had no further control over them, and was no longer responsible for them. ·

*M. Kennon* and *Brown, Lane & Jackson,* for appellees.—1. The court below did not err in sustaining plaintiffs' exceptions numbers 1, 3, and 4, and in striking out the pleadings objected to thereby. H. M. Ehrenwerth was not a proper party to this suit. The pleadings of R. E. Stafford & Co. setting up a contract between Ehrenwerth and themselves concerning the purchase by them of the stock of goods from Thompson constituted no defense to plaintiffs' action. Any damages resulting from its breach could not have been pleaded in offset of plaintiffs' demand in this cause. J. J. Mansfield was improperly and illegally appointed receiver by the District Court of Colorado County. His doings and acts as such had nothing to do with the issues joined in this cause, and could not affect the result, no matter what he did.

2. Plaintiffs' demand was certain and liquidated. It did not arise out of, was not incidental to or connected with, the alleged contract between Ehrenwerth and Stafford & Co. concerning the purchase of the stock of goods by Stafford & Co. from Thompson. The defendants do not seek in their pleading to set off the plaintiffs' demand against them with any damages arising out of the alleged breach of such contract, but they do seek to avoid the effect of the sale from Thompson to them by reason of such alleged breach of contract. They seek to reduce their liability to Thompson by $2500 or more, by reason of the alleged default of Ehrenwerth. Even if they had pleaded it as an off-

set, it would have been illegal, and not allowed. Halloway v. Blum, 60 Texas, 627; 17 Am. and Eng. Encyc. of Law, p. 590b; Id., p. 599, note 1; Vimont v. Ryles, 64 Iowa, 513; Legg v. McNeill, 2 Texas, 428; Carothers v. Thorp, 21 Texas, 362; Duncan v. Magette, 25 Texas, 245; 20 Am. and Eng. Encyc. of Law, p. 16; 20 Id., p. 18e.

3. The court below did not err in holding jurisdiction in this cause and in trying the same after Ehrenwerth had been dismissed as a party thereto, for the following reasons: (1) because at the time of the change of venue to Fayette County the appellants did not except thereto, and have never filed any bill of exception to said order; (2) because the defendants had before the trial of the cause answered to the merits of the case, and have never in any legal manner questioned the jurisdiction of the court below over their persons; (3) because the order for change of venue was based upon one of the statutory grounds authorizing the change to be made, i. e., on account of the prejudice existing in Colorado County against one of the defendants, viz., H. M. Ehrenwerth; (4) because the order changing the venue, having been made upon proper and legal grounds to Fayette County, such order clothed the District Court of Fayette County with jurisdiction of the entire case. Rev. Stats., art. 1271; Dimmitt v. Robbins, 74 Texas, 445; Lewis v. Davidson, 51 Texas, 256; Bohannon v. Pearson et al., 2 Ct. App. C. C., sec. 621.

4. The court below did not err in admitting the testimony complained of, that of Welther, Brinkley, Brunson, and others. It all proved or tended to prove that the $7840 set up by the plaintiffs as an offset to plaintiffs' demand against them was not their money, and that Ehrenwerth, plaintiffs' assignor, did not owe them any part thereof, and that it was the money of Ehrenwerth. This was one of the vital issues raised by the pleadings in the case between plaintiffs and appellants. If Ehrenwerth owed it to appellants, they had the right to offset plaintiffs' demand thereby. If he did not owe it to them, they had no such right. Bailey v. Hicks, 16 Texas, 222.

5. The court did not err in finding that the proceeds of sale of the twenty-two cars belonged to the meat and ice company. The testimony was conflicting as to the facts; the court believed the testimony offered by the plaintiffs to be true, and discredited the testimony offered by appellants. It was the duty of the court to pass upon the credibility of the witnesses. He did so, and found the facts to be as testified to by the plaintiffs' witnesses. No one is more competent to judge of the credibility of the witnesses than the judge who tries the case below. Having found the testimony offered by plaintiffs to be true, the court could not hold otherwise than he did. Stafford & Co. having released their mortgage upon the cars by consenting to their unconditional sale, their lien upon the cars did not follow the money into the hands of the officer of the Columbus, Texas, Meat and Ice Company.

The proceeds in the hands of the company's officer became funds of the company subject to the payment of the debts of any of its creditors. Stafford & Co., under the facts as shown by the evidence and found by the court, were themselves liable to Ehrenwerth for the sum due to him by the said meat and ice company, and he had the right to hold the car money even against them in part payment of amount due him for his salary. Bailey v. Hick, 16 Texas, 229; Powell v. Haley, 28 Texas, 56; Black v. Drury, 24 Texas, 289; 1 Jones on Mort., 4 ed., sec. 734; Bish. on Con., p. 27, sec. 75.

6. The court did not err in holding that the two notes held by Stafford & Co. against Ehrenwerth, and secured by mortgage, could not be used as an offset against Leon & H. Blum. When Ehrenwerth transferred the notes sued on to Leon & H. Blum, that fact made Levy their debtor upon the notes, but it did not make Stafford & Co. such debtors. The assignment of the notes carried with them all existing liens and trusts given for their security. Levy had secured Stafford & Co.'s and Ehrenwerth's claims against him pro rata. Under the terms of the trust deed, the money as it came into the hands of Thompson was deposited with Stafford & Co. The terms of the trust deed, when followed by the acceptance of the money by Stafford & Co., under such conditions as were imposed, made them trustees as well as Thompson. Thompson was to sell the property. They were to hold the money for a specific purpose, viz., to pay what Levy owed them and what he owed Ehrenwerth, each pro rata. Leon & H. Blum bought the rights of Ehrenwerth. They bought with knowledge of the conditions of the deed of trust. Their claim against Stafford & Co. is for so much money deposited for such specific purpose. It is Leon & H. Blum's property; Stafford & Co. are mere bailees. The money is not subject to any offset that Stafford & Co. might hold against Leon & H. Blum's assignor. This money does not constitute a debt due by Stafford & Co. to Ehrenwerth or his assignee, which may be set off by any debt due Ehrenwerth to Stafford & Co. It is property in the hands of a trustee subject to transfer. The court found, and the facts sustain the finding, that Ehrenwerth had fully secured Stafford & Co. for their two notes held against him by deed of trust on real estate with power of sale. White v. Douns, 40 Texas, 232; Hearn v. Foster, 21 Texas, 402; Munroe v. Buchanan, 27 Texas, 245; Bisp. Prin. of Eq., 4 ed., secs. 44, 92, 138, 142; Perry on Trusts, secs. 427–429, 433.

7. The court of Fayette Court did not err in redeciding the demurrers which had been overruled by the judge in Colorado County. If the district judge of Colorado County made erroneous interlocutory orders, and that fact was called to the attention of the judge of the District Court of Fayette County, and new rulings asked, it would have been silly for the court to have permitted such wrongful orders to stand and try the case upon its merits, to have it reversed and re-

manded for a new trial on account of the fact that the court below refused to correct such errors. Rogers v. Watrous, 8 Texas, 62; Martin v. Crow, 28 Texas, 613; Ledyard v. Brown, 27 Texas, 393.

8. The court below was correct in finding that neither Ehrenwerth nor the funds in Stafford & Co.'s hands were liable for all or any part of the two $500 fees claimed to have been paid to Foard, Thompson & Townsend by R. E. Stafford & Co. The evidence conclusively shows that the court was correct in its holdings and findings upon this subject, for two reason: (1) the evidence shows that Ehrenwerth did not owe any part of them; (2) if he did, and Stafford & Co. paid them, they did it without his knowledge, consent, or request. They could not make him their debtor in such manner. If they recover at all, they must do so upon the contract. Miner v. Bank, 53 Texas, 561; Bish. on Con., p. 260, sec. 706; Id., p. 27, sec. 76; Anson on Con., p. 16, sec. 3; Berman v. Chopin, 19 N. Y., 237.

9. Judgment against Wells Thompson was correct. He and R. E. Stafford & Co. were both trustees under the deed of trust from Levy. It was Stafford & Co.'s duty to see that Thompson turned the money over to them, but it was Thompson's duty to see that they made proper distribution of it. The evidence shows that it is still at Stafford & Co.'s, credited to Thompson and subject to his order. Smith & Williams v. Parks, 55 Texas, 85; Perry on Trusts, secs. 401, 443, 444; Bisp. Prin. of Eq., 4 ed., sec. 138.

GARRETT, CHIEF JUSTICE.—Leon & H. Blum brought this suit to the September Term, 1891, of the District Court of Colorado County, against Sarah E. Stafford and E. J. Sandmeyer, composing the firm of R. E. Stafford & Co., and Wells Thompson, to recover of them the interest of one H. M. Ehrenwerth in a fund deposited with said Stafford & Co. by the said Wells Thompson, as trustee in a certain deed of trust executed to him by one Harry S. Levy, conveying certain merchandise to secure an indebtedness in favor of said Stafford & Co., as recited in the deed of trust. Three of the notes mentioned in the deed of trust were drawn by the said Levy in his own favor, and were by him indorsed in blank. These notes were the property of Ehrenwerth, and were received by Stafford & Co. and included in the deed of trust to be collected for his use; but Thompson had no knowledge of the interest of Ehrenwerth. Plaintiffs sue as the assignees of Ehrenwerth of the notes above mentioned, and of his interest in the fund. They took the transfer, however, after the maturity of the notes and the collection and deposit of the fund by Thompson, and subject to any defenses in favor of the defendants against the said Ehrenwerth. This is not denied by the plaintiffs.

Thompson answered the petition of plaintiffs, that it was true, as stated therein, that on September 24, 1890, Harry S. Levy executed

the deed of trust as alleged; that he had sold the property conveyed therein, and deposited the proceeds of said sale with R. E. Stafford & Co., and he was directed to do so by said instrument. He showed the manner of sale, amount of receipts, etc., and that R. E. Stafford & Co. had in their hands $12,763.59, the proceeds of said property, out of which he asked to be allowed his commissions.

Defendants, R. E. Stafford & Co., answered to the said September Term of court, 1891, and admitted that they had in their hands the said sum of $12,763.59 deposited with them by the said Thompson, as trustee, etc., but they averred that the same belonged to them, and that plaintiffs had no right to any portion thereof, nor any interest therein. They averred the execution of the deed of trust by Harry S. Levy to Wells Thompson, and set out the indebtedness of Levy which it was to secure, their own as well as that of Ehrenwerth. They alleged, that at the time the said deed of trust was executed the said Ehrenwerth was also indebted to them as evidenced by his two promissory notes, (1) dated September 29, 1889, due January 1, 1890, for $1272.91, with 12 per cent interest; and (2) dated March 2, 1889, due July 1, 1889, for $786, with 12 per cent interest, both of said notes stipulating for 10 per cent attorney fees if collected by law. That the notes included in said deed of trust belonging to Ehrenwerth were transferred to defendant as collateral security for their said notes against Ehrenwerth, and with the further understanding, that the claims of defendants against Levy were to be first paid out of the proceeds of said property so conveyed in trust to Thompson.

That the said goods did not sell for enough at retail to pay the indebtedness mentioned in the deed of trust, and the trustee, acting under the provisions of said trust deed, sold the remainder of the stock in bulk at public auction, and defendants bid in the same for $8500; that they were induced to buy said goods at that price by the fraudulent representations and promises of the said Ehrenwerth that he would pay them between $1500 and $2000 in cash on Levy's indebtedness to them, and had a person whom he would put in charge of said goods, and would arrange for replenishing the stock; that defendants should keep the goods in their possession as a pledge to secure the payment of the balance of the indebtedness both against him, the said Ehrenwerth, and the said Levy; that the person so taking charge of the goods should be the agent of the defendants, and deposit the proceeds of sales in the bank of R. E. Stafford & Co. until all of their indebtedness was paid, and the remainder of the goods unsold should be turned over to the said Ehrenwerth. Defendants alleged that they did not understand the mercantile business, and did not know the value of the goods; that the said Ehrenwerth had been a merchant for many years, and was perfectly familiar with said goods, having owned a portion of them at one time; that it was the intention of defendants to

bid no more than $6000 for said stock of goods, a sum sufficient to cover their indebtedness, but they were induced to bid the sum of $8500 as aforesaid by the said Ehrenwerth, who would otherwise have lost his interest in the proceeds; that after the defendants bid said sum of $8500 for said goods and made themselves responsible for the payment thereof, the said Ehrenwerth entirely repudiated his said agreement; that said goods were not worth one-half of the amount of their bid, which the said Ehrenwerth well knew, but which was unknown to the defendants; that they were induced to make their said bid by the deceitful and fraudulent promises of said Ehrenwerth, who was intending to get payment of his said indebtedness against Levy; that by reason of the refusal of said Ehrenwerth to comply with his agreement, defendants were forced to take charge of said goods, etc.; that said Ehrenwerth would be entitled to the balance thereof after the payment of their demands against him and the said Levy, and that it would be to the interest of all parties that a receiver should be appointed to take charge of said goods and sell the same, etc., for whose appointment they prayed.

Defendants pleaded also in set-off to the demand of plaintiffs:

1. An attorney's fee of $500 paid Messrs. Foard, Thompson & Townsend in the matter of the Levy deed of trust.

2. The sum of $7848 in cash, which they alleged the said Ehrenwerth had received as the agent of defendants, and had refused to pay over.

They also averred, that plaintiffs acquired their rights long after said transactions; that said Ehrenwerth was insolvent, and prayed that he be made a party defendant in order that the equities between them might be settled.

At said September Term, 1891, the plaintiffs presented demurrers to said answer, which were overruled, and a receiver was appointed by the court, who took possession of said stock of goods and sold the same, and afterwards presented his report to the court and paid into the registry thereof the net proceeds of the sale of said goods. Said report was approved, and the receiver was discharged.

At the March Term, 1893, of the District Court of Colorado County, to which the cause had been continued, H. M. Ehrenwerth, who had been made a party at the prayer of defendants, R. E. Stafford & Co., presented a motion to change the venue, which was granted, and the cause was removed to Fayette County. The plaintiffs, Leon & H. Blum, did not join in this motion.

After the cause had been removed to Fayette County, the defendants, R. E. Stafford & Co., on June 19, 1893, filed their second amended original answer, in which, as before, they admitted the deposit with them by Wells Thompson, as trustee of Harry S. Levy; pleaded more fully the facts of the execution of the deed of trust, and reiterated their allegations with respect to the indebtedness it was made to se-

cure, and the agreement of Ehrenwerth with respect to the deed of trust and the purchase of the stock of goods by defendants at the trustee's sale; and alleged, that defendants were only liable and accountable for the said goods to the extent of the amount realized from the sales thereof; and that the net proceeds, including sales made before the appointment of the receiver and those made by him, did not amount to enough to pay off and discharge the balance of said Levy's indebtedness to them as it existed at the date of the trustee's sale, but left a large amount due defendants by Ehrenwerth on said notes.

Defendants also pleaded more fully the amount claimed by them in set-off, and in addition thereto another attorney's fee of $500 which defendants alleged they had paid for said Ehrenwerth in a transaction in the year 1889, in which said Ehrenwerth had conveyed in trust for defendants his stock of goods to secure certain of his indebtedness to them. They alleged, that the sum of $7840 pleaded in their former answer was the proceeds of certain refrigerator cars which belonged to the Columbus, Texas, Meat and Ice Company, and upon which, with other property of said corporation, R. E. Stafford & Co. had a deed of trust, dated October 1, 1887, to secure an indebtedness in their favor of $132,000; that in March, 1891, after said indebtedness had been long due, and the defendants (with the consent of said meat and ice company, which had become insolvent), had taken possession of said cars, with the consent of the defendants and R. L. Foard, the trustee in said deed of trust, the said H. M. Ehrenwerth, as general manager of said Columbus, Texas, Meat and Ice Company, and as one of the directors thereof, by and with the consent and approval of the other directors, sold the said cars, with the understanding and agreement that the proceeds of said sale should be paid to defendants, to be credited on the indebtedness of said corporation secured by said deed of trust; that said Ehrenwerth in making said sale was also acting as the trusted agent of the defendants, etc.

The plaintiffs renewed their demurrers to the answer before the District Court of Fayette County, which had been presented in their first amended original answer before the District Court of Colorado County, and overruled, and they were sustained as to all allegations setting up an agreement between Ehrenwerth and defendants in relation to the purchase of the goods at the trustee's sale, and for the appointment of a receiver, which were struck out; also to those seeking to make Ehrenwerth a party, and he was dismissed. The court adjudged there had never been any legal cause for the appointment of a receiver, and ordered that the acts, doings, and report of the receiver should be no further considered, and adjudged the costs of the receivership, and of making Ehrenwerth a party, against the defendants, Stafford & Co.

The cause was then submitted to the court without a jury, and judgment was rendered against Stafford & Co. and Wells Thompson in fa-

vor of the plaintiffs for the proportionate share of the claims of Ehren-werth in the net proceeds of the goods in the hands of Stafford & Co.

R. E. Stafford & Co. alone have excepted to the judgment and given notice of appeal, and brought the case up.   Wells Thompson has as-signed errors, and seeks a reversal of the judgment as to himself.

Motions have been filed by the appellees, Leon & H. Blum, to strike out the assignment of errors made by the trustee, Wells Thompson, and to dismiss the appeal.   The ground urged for the dismissal of the appeal is, that this court has never acquired jurisdiction thereof, be-cause the appeal bond is insufficient, since it is made payable not only to Leon & H. Blum, the only appellees in the case, but also to H. M. Ehrenwerth, who was dismissed from the suit as an improper party; and to Wells Thompson, against whom judgment was also rendered, and who has not appealed.

The judgment of the court dismissing Ehrenwerth was clearly such a one as the appellants have the right to have reviewed, and as the judgment is of such a nature that a reversal as to the appellants would cause a reversal as to Thompson, and he was abiding by the judgment, it was correct practice for R. E. Stafford & Co., who alone desired to appeal, to make their bond payable to all of the other parties to the judgment.   As Wells Thompson did got give notice of appeal, and had not filed an appeal bond, his assignment of error will be disregarded.

Appellants have assigned as error the retaining of jurisdiction of this suit by the court below after it had sustained the exceptions of plaintiffs and dismissed therefrom H. M. Ehrenwerth, who had been made a party by them, because the venue had been changed from Colo-rado to Fayette County on the application of Ehrenwerth alone.  Hav-ing once acquired jurisdiction by proper proceedings for change of venue, to which no exception was taken and which are not now sought to be reviewed, the District Court of Fayette County was not ousted thereof by the dismissal of Ehrenwerth from the suit.

We are of the opinion, however, that Ehrenwerth was improperly dismissed.   It is true that the interest of H. M. Ehrenwerth in the deposit with R. E. Stafford & Co. made by the trustee, Wells Thomp-son, of the proceeds of the Levy stock of goods and the notes belong-ing to him and secured by the deed of trust from Levy to Thompson, having been assigned after the maturity of the notes, the plaintiffs took the same subject to all defenses in favor of R. E. Stafford & Co. against Ehrenwerth.   But the answer of R. E. Stafford & Co. set up matters of defense to which Ehrenwerth was a proper party.   To this defense, exceptions made by plaintiffs were sustained, and upon the action of the court both in dismissing Ehrenwerth and in striking out the defense set up, the appellants have assigned error.   As will appear from the pleading, the defendants did not attempt, as contended by appellees, to set off unliquidated damages for a breach of the agree-

ment of Ehrenwerth with them against the plaintiffs, but as a defense to the entire cause of action, that according to an agreement with Ehrenwerth they were not to be charged with the amount of their bid for the goods, and that their claims were to be paid off and discharged, and the remaining goods were to be delivered over to Ehrenwerth; so it will not be necessary to inquire whether unliquidated damages might be set off as growing out of the transaction. It was competent for defendants to make such an agreement with Ehrenwerth as they set up in the pleadings stricken out, and if true, it would be a complete defense to the suit; and while it was not necessary that Ehrenwerth should be a party in order to enable the defendants to avail themselves of the defense, he was at least a proper party. But if the allegations of the pleadings showed a proper case for the appointment of a receiver, which is not decided, because Ehrenwerth had been dismissed when the case was tried on the merits, and the goods were placed in the custody of an officer of the court, upon the allegations of the defendants that they were the property of H. M. Ehrenwerth, pledged to them for the payment of the debts of himself and H. S. Levy, and it was sought to have them sold for that purpose, then Ehrenwerth would have become a necessary party to the suit.

Under the pleadings, the defendant had a clear right to have the proceeds of the cars sold by Ehrenwerth set off against the demand asserted by plaintiff. The evidence shows clearly that there was no release of the mortgage upon the cars by R. E. Stafford & Co. except for the purpose of effecting the sale thereof, and that there was no intention to release the proceeds, and that Ehrenwerth received the proceeds of the sale for the benefit of the mortgagees. He does not testify that there was a release of the proceeds, and the court found that he went to St. Louis and sold the cars by the authority of the representatives and survivors of R. E. Stafford & Co., as the firm was constituted when the mortgage upon the cars was made. The Columbus, Texas, Meat and Ice Company was no doubt indebted to Ehrenwerth in a large amount for his salary as its secretary and general manager, but the money received by him was for the benefit of the defendants as much as if it had been the proceeds of the sale of the property under foreclosure. The debts of the corporation for the salaries of its officers are not entitled to priority of payment out of the proceeds of mortgaged property over the lien of the mortgagees. Plaintiffs seek to defeat the set-off in favor of defendants, R. E. Stafford & Co., by showing that the Columbus, Texas, Meat and Ice Company had been insolvent almost from the time of its organization; that it had been kept in operation for the benefit of R. E. Stafford & Co., who were large creditors; that R. E. Stafford & Co. were equitably bound for the salary of Ehrenwerth. It is sufficient to say, that there was no pleading authorizing such proof, which is of matter in confession and

avoidance, and the objection of defendants to all such evidence should have been sustained. As above indicated, we do not think that the proceeds of the sale of the cars were money belonging to the Columbus, Texas, Meat and Ice Company, so that Ehrenwerth might appropriate it to the debt of that company to him by retaining and charging himself therewith on the books of the company. Whatever right he had to appropriate the money for the debt due him for services as secretary and general manager must grow out of his right to look to Stafford & Co. for payment. We do not think that the testimony is sufficient to show that Stafford & Co. became liable to Ehrenwerth for his salary, as found by the court below.

Appellants had the legal right under the statute (Revised Statutes, article 645) to set off their notes upon H. M. Ehrenwerth against the demand of plaintiffs, notwithstanding the fact that such notes were secured by a deed of trust upon property. If there were any equitable reasons why the property should be sold first and the proceeds applied to the debt of Ehrenwerth in favor of defendants, they were on account of the insolvency of Ehrenwerth, and related only to himself and the plaintiffs; and if Ehrenwerth were a party to the suit, such relief might have been had on a proper pleading and showing on behalf of plaintiffs. But without this, we think the plaintiff would have been amply protected by a subrogation to the security of the defendants, as they would not be allowed to avail themselves of the set-off and to hold on to the security.

Defendants did not show themselves entitled to have the two attorneys' fees of $500 each, paid by them to Foard, Thompson & Townsend on account of the Levy deed of trust and the Ehrenwerth deed of trust, set off against the plaintiffs; because it did not appear that Ehrenwerth was liable for the fee in the matter of the deed of trust executed by him to Sandmeyer; and in the matter of the Levy deed of trust, he would not be liable for more than a proportionate part of a reasonable fee.

In view of another trial, we will state that the trustee, Wells Thompson, discharged the duties imposed upon him by the deed of trust when he sold the goods and deposited the proceeds thereof with R. E. Stafford & Co., and there should be no judgment against him.

Although the proceeds of the goods may stand credited to his name on the bank books of R. E. Stafford & Co., still a judgment in the case in favor of or against the plaintiffs would adjudicate the disposition of the fund, and be binding on Thompson.

We do not think it necessary to notice any of the remaining assignments of error. For the errors above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 31, 1894.